## JAMES MANOS v. NEW YORK TEA COMPANY AND ANOTHER.[1]

November 27, 1936.

No. 31,078.

[1]Reported in 269 N. W. 839.

348

*Peter E. Kamuchey,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

PER CURIAM.

Plaintiff was injured by a collision with a stray horse while riding at defendant Ormas' invitation in the New York Tea Company's car, which Ormas was driving. Verdict for both defendants. Plaintiff appeals from an order denying his motion for new trial.

■  There is evidence in the record that would justify the jury in finding that the horse with which Ormas collided came suddenly up out of a ditch and onto the highway and that Ormas was guilty of no lack of ordinary care in failing to avoid it.

■  The court charged the jury that the fact that the owner of the horse may have been negligent in allowing it to be loose upon the highway did not prevent a recovery by plaintiff in this case. This cured any wrong impression that the jury might possibly have had from previous mention of the horse owner's negligence, though we see no error in the previous charge in that regard.

■  The jury found a verdict in favor of both defendants. Though we think that there was no error in submitting to the jury the question of Ormas' implied authority to invite plaintiff, the verdict for Ormas cured any possible error in that regard.

There was no merit in this appeal.

Affirmed.